### LANGAN v. WARREN AXE & TOOL CO.

(Circuit Court of Appeals, Third Circuit. February 2, 1911.)

No. 1,443 (72).

PATENTS (§ 328*)—VALIDITY—GRAB-HOOKS.

> The Langan patent, No. 595,181, which, as stated in the claim, is for a combination of grab-hooks of a peculiar form and a draft device, is void, as not for the invention described in the specification, which is an improved form of grab-hook alone, to which the claim as it reads cannot be limited, and also because there is no novelty in the combination itself, which was old.

Appeal from the Circuit Court of the United States for the Western District of Pennsylvania.

Suit in equity by David H. Langan against the Warren Axe & Tool Company. Decree for defendant (181 Fed. 143), and complainant appeals. Affirmed.

William N. Cromwell (C. A. Snow and C. E. Doyle, of counsel), for appellant.

C. W. Stone & Son and James Hamilton, for appellee.

Before GRAY, BUFFINGTON, and LANNING, Circuit Judges.

LANNING, Circuit Judge. The patent in suit is No. 595,181, issued to David H. Langan on December 7, 1897, for alleged new and useful improvements in grab-hooks employed in skidding logs. The specification, after stating the manner of making such hooks in the prior art and their alleged defects, declares:

"One of the prime features of my invention is to so construct the hook as to obviate undue wear and destruction of the mauls and to thereby increase the period of their utility from a half-day to a month, more or less; secondly, to so construct the tooth of the hook as to adapt it to be more readily driven in the side of the log to be skidded; thirdly, to increase the strength of the hook at the point at which the greatest strain occurs, to wit, the angle; and, fourthly, to so form the hook as to facilitate its withdrawal from its engagement with the log by means of the usually employed pike-lever. With these various objects in view my invention consists in the particular and peculiar form of hook herein described and pointed out in the claim."

The specification then describes the construction and form of the hook, states that in use a pair of the hooks is connected by intervening links or chains to the usual draft appliance, and then sets forth the alleged advantages of the hooks.

It will be observed that in this specification, which, except as to one or two verbal corrections, is in the same form as when the application

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

was first filed in the Patent Office, there is no suggestion that any part of the patentee's invention resides in a combination of the grab-hooks and the draft appliance. The connection between the grab-hooks and the draft appliance by means of links or chains is mentioned, but such connection was as old as grab-hooks themselves, and the patentee expressly states that his invention consists, not in any such combination, but "in the particular and peculiar form of hook herein described and pointed out in the claim." In the specification as it originally existed the word "claim," just quoted, was "claims," and to the specification were annexed six claims, each of which referred merely to the construction and form of an "improved grab-hook." The first five of these claims were rejected in the Patent Office, and the sixth claim was criticised as incomplete. Thereupon the patentee canceled all the claims and inserted a new claim, which was subsequently allowed, and is the only claim of the patent, and the one now in suit. It is as follows:

"The combination with the pair of grab-hooks, each consisting of a shank having an eye at its front end and at its rear end having a projecting perforated ear, immediately in front of which latter is located an angularly-disposed driving-tooth, said shank being widened above its tooth for the purpose of producing an increased impact-surface, of a draft device connected with the eyes at the front ends of the shanks, substantially as specified."

The Circuit Court found the patent void and decreed that the bill be dismissed. See opinion, 181 Fed. 143. In that opinion we concur. Not only is the claim for a combination foreign to what is set forth in the specification, but there is no new coaction or co-operation of the elements of the combination. The grab-hooks and draft appliance of the patent, in combination, coact as grab-hooks and draft appliances have always done. The grab-hook of the patent, by reason of its peculiar construction and form, is very probably an improvement of no little utility. But the patentee cannot, merely because of that fact, have a patent for a combination which shall have, as one of its elements, a pair of such grab-hooks. He did not invent the combination. He invented, if he invented anything, an improved grab-hook. Indeed, this is conceded by the patentee's counsel, and he argues that because the patent examiner, when the original claims were before him, said "claim 6 is incomplete without the links, and the eye in the end of the shank is useless without the other elements," the claim as it now stands should be construed as one describing, as the real invention, a specific form of grab-hook. Manifestly, we cannot so construe it. The claim is for a combination of grab-hooks, of a peculiar form, and a draft device. We are not at liberty to distort its plain language. It may be, as the patentee's counsel declares, that the criticisms of the examiner led to the present form of the claim. But if the examiner's criticisms were unsound, the patentee could have had them reviewed by an appropriate appeal. This is not a case where there was a mere change of phraseology to suit the views of an examiner. The structure of the claim was remodeled in a fundamental respect. It was changed from a claim for an improved grab-hook to a claim for a combination of an improved grab-hook and a draft device. We are therefore compelled to read the claim as one for a combination, and

184 F.—46

not for an improved grab-hook. So read, it is clear that there is no error in the decree of the Circuit Court.

The decree is affirmed, with costs.