# MOORE v. UNITED STATES EX REL. CHOTT.

PATENTS; APPEAL AND ERROR; MANDAMUS.

1. The finding of the Board of Examiners-in-Chief reversing a decision of the Primary Examiner, and sustaining claims for a patent, is not binding upon the Commissioner of Patents, so as to deprive him of the general power conferred upon him by United States Revised Stat. sec. 4893, U. S. Comp. Stat. 1901, p. 3384, to satisfy himself before issuing a patent, "that the claimant is justly entitled to a patent under the law." (Citing *Re Drawbaugh,* 9 App. D. C. 219; *Re Looke,* 17 App. D. C. 314; *Podlesak* v. *McInnerney,* 26 App. D. C. 399; *Sabey* v. *Holsclaw,* 28 App. D. C. 65; and *Moore* v. *Heany,* 34 App. D. C. 31.)

2. An appeal to this court will lie by one whose claim to letters patent has been rejected by the Commissioner of Patents, after its allowance by the Examiners-in-Chief. (Citing *Re Mygatt,* 26 App. D. C. 366; *General R. Signal Co.* v. *Thullen,* 32 App. D. C. 575; *Moore* v. *Heany,* 34 App. D. C. 31; *Cosper* v. *Gold,* 36 App. D. C. 302; *Re Selden,* 36 App. D. C. 428; and *New Departure Mfg. Co.* v. *Robinson,* 39 App. D. C. 504.)

3. One whose claim to letters patent has been denied by the Commissioner of Patents cannot complain that his remedy of right to appeal to this court was not pointed out to him, where the decision of the

Commissioner concludes as follows: "Appeal from this decision to
the court of appeals should be taken, if at all, within the time pre-
scribed by the rules of that court."

4. Mandamus can neither be substituted for the remedy offered by ap-
peal in case of the rejection by the Commissioner of Patents of a
claim for letters patent, nor can it be invoked for the purpose of
reviewing and controlling the action of the Commissioner in such
a case.

No. 2536. Submitted May 15, 1913. Decided June 2, 1913.

HEARING on an appeal by the respondents, the Commission-
er of Patents, and one of the examiners of the Patent Office,
from a judgment of the Supreme Court of the District of
Columbia directing the issuance of the writ of mandamus com-
manding them to issue letters patent to the relator.   *Reversed.*

The COURT in the opinion stated the facts as follows:

This is an appeal by E. B. Moore, the Commissioner of
Patents, and A. G. Wilkinson, one of the Examiners of the
Patent Office, as joint respondents, from the judgment of the
supreme court of the District of Columbia ordering the issuance
of a writ of mandamus to compel them to issue a patent to re-
lator Edward L. Chott.

It appears that relator applied for letters patent for alleged
improvements in dental broach holders.   The claims were
rejected by the Primary Examiner, from whose decision relator
appealed to the Board of Examiners-in-Chief.   The board re-
versed the Primary Examiner, and sustained the claims.   Act-
ing by authority of the Commissioner, the Primary Examiner
made an additional investigation, and cited to the Commissioner
additional patents showing the alleged invention to be old.
Whereupon the Commissioner personally took up the case, and
approved the action of the Primary Examiner.   He did not,
however, finally reject the claims, but asserted in a communi-
cation to relator his authority to review the case personally,
although it had been acted upon favorably by the Board of

Examiners-in-Chief.   He notified relator that on May 8, 1912, a hearing would be had upon the patentability of his claims over the prior art.   Relator appeared by brief, contesting the authority of the Commissioner to withhold the application from issue after a favorable decision from the Board of Examiners-in-Chief.   The Commissioner, in a carefully considered opinion on the merits of relator's alleged invention, decided that relator was not entitled to a patent, and finally disallowed the claims.

*Mr. Webster S. Ruckman* for the appellants.

*Mr. Joshua R. H. Potts* for the Appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

The questions presented are whether the decision of the Board of Examiners-in-Chief was binding upon the Commissioner to the extent that nothing remained for him to do except to perform the mere ministerial act of issuing the patent.   If this contention is correct, it disposes of the case; but if not correct, the further question arises whether the official action of the Commissioner constituted such a final order as would have entitled relator to prosecute an appeal to this court.

The jurisdiction of the Commissioner of Patents is defined by statute in the Revised Statutes of the United States, as follows:

"Sec. 481.   The Commissioner of Patents, under the direction of the Secretary of the Interior, shall superintend or perform all duties respecting the granting and issuing of patents directed by law; and he shall have charge of all books, records, papers, models, machines, and other things belonging to the Patent Office."

"Sec. 483.   The Commissioner of Patents, subject to the approval of the Secretary of the Interior, may, from time to time, establish regulations not inconsistent with law, for the

conduct of proceedings in the Patent Office." [U. S. Comp. Stat. 1901, pp. 271, 272.]

"Sec. 4883. All patents shall be issued in the name of the United States of America, under the seal of the Patent Office, and shall be signed by the Secretary of the Interior and countersigned by the Commissioner of Patents," etc. [U. S. Comp. Stat. 1901, p. 3381.]

"Sec. 4893. On the filing of any such application and the payment of the fees required by law, the Commissioner of Patents shall cause an examination to be made of the alleged new invention or discovery; and if, on such examination, it shall appear that the claimant is justly entitled to a patent under the law, and that the same is sufficiently useful and important, the Commissioner shall issue a patent therefor." [U. S. Comp. Stat. 1901, p. 3384.]

"Sec. 4903. Whenever, on examination, any claim for a patent is rejected, the Commissioner shall notify the applicant thereof, giving him briefly the reasons for such rejection," etc. [U. S. Comp. Stat. 1901, p. 3389.]

The jurisdiction of the Board of Examiners-in-Chief is conferred by sec. 482, Rev. Stat. U. S. Comp. Stat. 1901, p. 272, as follows: "The Examiners-in-Chief shall be persons of competent legal knowledge and scientific ability, whose duty it shall be, on the written petition of the appellant, to revise and determine upon the validity of the adverse decisions of Examiners upon applications for patents and for reissues of patents and in interference cases; and when required by the Commissioner, they shall hear and report upon claims for extensions, and perform such other like duties as he may assign them."

It will be observed that nothing appears in the act conferring jurisdiction upon the Board of Examiners-in-Chief in any way depriving the Commissioner of the general power conferred upon him by law to satisfy himself before issuing a patent "that the claimant is justly entitled to a patent under the law." Unquestionably, the decision of the Board of Examiners-in-Chief, when favorable to the claimant, is final, unless the Commissioner, in the exercise of his general supervisory power, has author-

ity, upon his own independent investigation, to determine finally whether a patent shall issue. The same would be true of a decision by the Primary Examiner in favor of an applicant.. When an application is made for a patent, it is the duty of the Commissioner to cause an examination to be made, and "if, on such examination, it shall appear that the claimant is justly entitled to a patent under the law, and that the same is suf ficiently useful and important, the Commissioner shall issue a patent therefor." The examination here required to be made may or may not lead to an appeal to the Board of Examiners-in-Chief, but whether it does or not, in order to determine that a patent should issue, when it ultimately comes back to the Commissioner after the examination ordered under the statute has been made, he may, upon inspection and review of the examination made pursuant to his order, find that the alleged invention is neither novel nor meritorious. In such a case he would not be bound to violate his official obligation. There is nothing in the law to prevent him from exercising this supervision.

Considering this subject, the court in *Hull* v. *Commissioner of Patents,* 2 MacArth. 90, said: "Had Congress intended that the decision of the Examiners, when favorable to the applicant, should be final and conclusive, we would suppose so great an anomaly in executive administration would have been introduced into the law by the use of terms of the clearest import. A certified copy of the decision would have been a mandate to the Commissioner, requiring him to issue the patent by authority, it might be, of a second Assistant Examiner, who had been appointed at his instance, and subject to removal in the like manner."

In the same case, the court, referring to sec. 4915, Rev. Stat. U. S. Comp. Stat. 1901, p. 3392, where an aggrieved party, when a patent is refused by the Commissioner of Patents or this court, may go into a court of equity, said: "This section recognizes the authority of the Commissioner to withhold a patent in any case, for any reason satisfactory to himself; it shows that the decisions of the Examiners are in no case obligatory as to his action. In that it supplies a remedy under which his judgment in withholding a patent may be revised, it is decisive.

against a remedy by mandamus applied for in the present instance; for this writ will not lie where the law furnishes the party with any other adequate specific remedy."

In *ex parte* cases, the public is represented by the Commissioner. No right of appeal is provided from the decision of the Primary Examiner or the Board of Examiners-in-Chief in behalf of the public. It cannot be that one or both of these tribunals is given final jurisdiction to an extent which forbids any review by the Commissioner; for appeal only lies from the action of the Commissioner, when the Commissioner, as the executive head of the bureau, has been satisfied that an error has been committed by which the public will be damaged. In the case of *Re Drawbaugh,* 9 App. D. C. 219, Chief Justice Alvey, speaking for the court, said: "The patent should not issue as an experiment upon the public, nor to embarrass or infringe the use of other inventions having just priority. To every application for a patent the public is a party in an important sense, more than that of mere formal grantor. It is substantially interested in preventing the people from being harassed by the claims of a monopoly, when in fact there may be no just grounds for such claims. It is the duty of the Commissioner of Patents, representing the public, and also the private rights of the inventor involved in the pending application, as well as all other inventors having the sanction of the Patent Office, to see that entire justice be done to all concerned. The law has provided certain official agencies to aid and advance the work of the Patent Office, such as the Primary Examiners, the Examiners of Interferences, and the Examiners-in-Chief; but they are all subordinate, and subject to the official direction of the Commissioner of Patents, except in the free exercise of their judgments in the matters submitted for their examination and determination. The Commissioner is the head of the bureau, and he is responsible for the general issue of that bureau. If, therefore, there be any substantial, reasonable ground within the knowledge or cognizance of the Commissioner why the patent should not issue, whether the specific objection be raised and acted upon by the Examiners or not, it is his duty to refuse the pat-

ent; and especially is it so when the Primary Examiner and the Examiners-in-Chief have found such ground for refusal to exist." This general·supervisory power of the Commissioner has been upheld by this court in numerous cases. *Podlesak* v. *McInnerney,* 26 App. D. C. 399; *Sobey* v. *Holsclaw,* 28 App. D. C. 65; *Moore* v. *Heany,* 34 App. D. C. 31; *Re Locke,* 17 App. D. C. 314; *United States ex rel. Hoe* v. *Butterworth,* 3 Mackey, 229, 112 U. S. 50, 28 L. ed. 656, 5 Sup. Ct. Rep. 25.

This brings us to the remedy. We are of opinion that relator had a right of appeal to this court from the decision of the Commissioner. Relator cannot complain that this remedy was not pointed out to him, for the decision of the Commissioner concludes as follows: "I am clearly of the opinion that·the application states nothing upon which a patent can properly be based. The claims are therefore rejected and a patent refused. Appeal from this decision to the court of appeals should be taken, if at all, within the time prescribed by the rules of that court."

The right of appeal granted by sec. 4911, Rev. Stat. U. S. Comp. Stat. 1901, p. 3391, is very broad, and embraces every application for patent, "except a party to an interference" who "is dissatisfied with the decision of the Commissioner." We have held this to include any official action of the Commissioner which was decisive of an applicant's right to a patent, or which, in effect, operated as a rejection of the claims of the application. In the case of *Re Mattullath,* 38 App. D. C. 497, the court, speaking through its chief justice, said: "The right to appeal. from a final decision of the Commissioner of Patents is determinable by its substance and effect, rather than its form. *Moore* v. *Heany,* 34 App. D. C. 31–39; *Re Selden,* 36 App. D. C. 428–431. The appeal in *Selden's Case* was from a decision holding that the application had been abandoned for lack of prosecution within two years. The right to appeal was maintained. Discussing the point, Mr. Justice Robb, delivering the opinion of the court, said: 'The question is whether the striking down of an application on the ground of abandonment amounts to a rejection of the claims thereof, within the meaning of the statute. Of course, if such action on the part of the

Commissioner is in effect a rejection of the claims of the application, the court will look to such result rather than to the manner in which it is reached.   Substance should never be sacrificed to form.'"   See also *Re Mygatt,* 26 App. D. C. 366; *Cosper* v. *Gold,* 36 App. D. C. 302; *General R. Signal Co.* v. *Thullen,* 32 App. D. C. 575; *New Departure Mfg. Co.* v. *Robinson,* 39 App. D. C. 504.

Mandamus cannot be substituted for the remedy afforded by appeal.   Neither can it be invoked for the purpose of reviewing or controlling the action of the Commissioner in refusing to issue relator a patent.   The judgment is reversed, with costs, and cause remanded for further proceedings.   *Reversed.*

A writ of error from the Supreme Court of the United States was granted June 11, 1913.