### In re SMITH.

Court of Customs and Patent Appeals.
December 30, 1929.

Patent Appeal No. 2192.

See also 36 F.(2d) 302, 303.

Burnham C. Stickney, of New York City (L. H. Campbell, of New York City, of counsel), for appellant.

T. A. Hostetler, of Washington, D. C., for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge. This is an appeal from the decision of the Board of Appeals of the Patent Office, affirming the action of the examiner in rejecting all of appellant's claims, five in number, for a patent upon certain equipment for billing typewriting machines.

Claim 1 is illustrative of the claims here in issue, and reads as follows: "In the art of magazines for selectively supplying and feeding continuous webs containing workforms to continuous billing typewriting machines equipped with carbon-sheet frames, a magazine provided with banks of holders for continuous ·work-webs arranged in vertical and horizontal rows side by side and movable in a horizontal plane along and parallel with the rear of a continuous billing typewriting machine in order to move the banks selectively into web-supporting and feeding position in respect to the machine and the holders arranged to enable the webs as supplied and fed by them to the machine to be permanently interleaved with the carbons of the sheet-frames, whereby the webs interleaved with carbon-sheets can be quickly changed on the machine to webs interleaved with carbon-sheets on the holders in web-supplying and feeding position."

The claims having been twice rejected for want of invention, applicant appealed to the Board of Appeals. In his statement in response to said appeal, the examiner cited the following references:

Waldheim, 1,616,071.
Smith, 1,358,033.
Smith, 1,380,746.
Melton, 1,333,931.
Barker, 1,260,953.
Krause et al., 428,111.
Kuentzel, 1,304,492.
Apperson et al., 610,510.
Clouse, 940,236.

Of the above references, that of Waldheim, 1,616,071, had not before been cited by the examiner. Waldheim, 1,464,122, was cited by the examiner in his notice of rejec-

tion of the claims, but not in his statement upon appeal, nor was it cited by the Board in its decision. Waldheim, 1,615,894, so far as appears from the record before us, was cited for the first time by the Board of Appeals in its decision affirming the action of the examiner in rejecting the claims. The Board in said decision made Waldheim 1,-616,071 the basic reference. No mention is made in the decision of Waldheim, 1,464,122, and Waldheim, 1,615,894, was cited only upon a minor question, in connection with another citation to the same point.

It appears from said decision that appellant objected to the citation of the Waldheim patent, 1,616,071, upon two grounds:

"1. That the application upon which that patent was granted was pending contemporaneously with the present case.

"2. That said patent was cited for the first time on appeal."

Shortly after said decision was rendered, appellant filed a petition for reconsideration of a certain portion of the opinion of the Board. In that petition it was argued that the Waldheim patent did not embody the invention claimed by appellant, and because of the differences between it and appellant's device, it was not a proper reference.

In said petition appellant submitted a new claim for the consideration of the Board.

The Board rendered its decision on the petition for reconsideration and adhered to its previous ruling, affirming the rejection of the claims. As to the new claim proposed by appellant, it declined to approve its admission, stating that it was not certain that the proposed claim was patentably distinguished from the combination of references suggested in its former decision, and that in any event the claim had not been submitted to the examiner, who was the office expert in this art, and hence it had not had the benefit of his views as to the patentability of the claim.

Appellant's appeal is from the original decision of the Board, and the refusal of the Board to admit the new claim is not included in the notice of appeal or as one of the reasons for the appeal. Therefore that question is not before us and cannot be considered.

Two principal questions of law are urged by appellant for the reversal of the decision of the Board:

"1. That the Waldheim patents, Nos. 1,-616,071, 1,615,894 and 1,464,122 were not proper references, because they were copending, when issued, with appellant's application.

"2. That appellant's claim had not been twice rejected by the examiner with the Waldheim patents as a reference."

As to the first of appellant's contentions, it appears that the application upon which the Waldheim patent, 1,616,071, was issued was filed on July 7, 1921, and the application in No. 1,615,894 was filed July 6, 1921; whereas appellant's application was filed on December 3, 1921. Both of these Waldheim patents were issued on February 1, 1927. As to Waldheim, 1,464,122, as we have already observed, this patent was not referred to by the examiner in his statement or by the Board in its decision.

It was held in the case of Alexander Milburn Company v. Davis-Bournonville Company, 270 U. S. 390, 46 S. Ct. 324, 70 L. Ed. 651, that where a patent application fully and adequately disclosed, but did not claim, the thing patented to a later applicant alleging a later date of invention, the later applicant was not the "first inventor" within Revised Statutes, § 4920 (35 USCA § 69). In that case, as in this, both applications were pending when the earlier patent was issued, and it establishes the rule that the mere fact that applications are copending does not preclude the use of a patent issued upon the earlier application as a reference in the rejection of the later application.

If appellant had made any claim that his invention was in fact prior to that of Waldheim, an interference could have been declared, in so far as Waldheim had made claims based upon his specification; or if his specification disclosed the invention covered by appellant's claims, appellant could, by complying with Rule 75 of the Patent Office, showing prior invention by him, have prevented the use of the Waldheim patent as a bar to a patent to him. This appellant did not do, and it must be assumed upon the record before us that appellant was not the first inventor of anything disclosed by the Waldheim patent.

The appellant's second contention is that his claims had not been twice rejected by the examiner citing the Waldheim patent as a reference, and for that reason the Board of Appeals had no jurisdiction to entertain and apply said patent as a reference. He bases this contention upon section 4909 of the Revised Statutes, 35 USCA § 57. This section reads as follows: "Appeals; from primary examiners to examiners in chief. Every applicant for a patent or for the reissue of a patent, any of the claims of which have been twice rejected, and every party to an interference, may appeal from the de-

cision of the primary examiner, or of the examiner in charge of interferences in such case, to the board of examiners in chief; having once paid the fee for such appeal."

The fact is that the five claims here in question had been twice rejected by the primary examiner, and the appeal was taken from his second rejection. The statute makes no requirement that the grounds of rejection shall be stated. The rules of the Patent Office do require the reasons for the rejection to be fully and precisely stated, Rule 65. This was done by the examiner. This rule further states that upon the rejection of an application for want of novelty, "the examiner must cite the best references at his command." It appears from the record that the final rejection by the primary examiner occurred on April 2, 1926. As has already been stated, the Waldheim patents, Nos. 1,616,-071 and 1,615,894, were issued February 1, 1927, upon applications filed prior to the application of appellant. Appellant did not take his appeal to the Board until March 3, 1927, which was after the issue of the Waldheim patents. In the examiner's statement in response to said appeal, dated March 23, 1927, as required by the rules of the Patent Office, the examiner cited as an additional reference Waldheim patent, 1,616,071. This was the first opportunity that he had to do so. Though not otherwise appearing in the record, the decision of the Board states that appellant's attention was called to this new reference when he received the examiner's statement, and we must therefore assume that appellant did receive a copy of the examiner's statement. It further appears from the decision of the Board that appellant objected to the citation of the Waldheim pat-

ent, but it nowhere appears that he asked that the matter be remanded to the primary examiner for a reconsideration of his claims in view of the Waldheim citation.

The rules and practice of the Patent Office provide for the protection of the applicant in such cases. Appellant did not choose to avail himself of the opportunity that the rules provided to have secured a reconsideration by the primary examiner, and he must be held to have waived such reconsideration. In any event, the failure of the primary examiner to cite references is not a jurisdictional defect preventing their later use as references on appeal.

It would be a strange situation indeed if the failure of the primary examiner to cite a reference which would bar the issue of a patent would compel the issue of a patent which would be clearly invalid. No such construction of the patent laws is warranted.

In the case of In re Drawbaugh, 9 App. D. C. 219, it was held that: "It is the duty of the Commissioner, if he knows any substantial, reasonable grounds why a patent should not issue, to refuse the patent, whether the specific objection be raised and acted upon by the examiner or not."

These questions of law being disposed of, there remains the question of whether the Board of Appeals erred in holding that there was want of invention by appellant, in view of the references cited. This involved the determination of a fact, and upon a careful review of the record we concur in the conclusion of the Board.

For the reasons stated, the decision of the Board of Appeals is affirmed.

Affirmed.