## In re GERMANTOWN TRUST CO.
### Patent Appeal No. 3008.

Court of Customs and Patent Appeals.
April 11, 1932.

Pennie, Davis, Marvin & Edmonds, of New York City (W. B. Morton, of New York City, and Clarence M. Fisher, of Washington, D. C., of counsel), for appellant.

T. A. Hostetler, of Washington, D. C. (Howard S. Miller, of Washington, D. C., of counsel), for Commissioner of Patents.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

### GARRETT, J.

This is an appeal from a decision of the Board of Appeals of the United States Patent Office affirming a decision of the Examiner refusing to allow claims 1 to 9, inclusive, of an application for patent upon alleged improvements in fuel gauges of the type used for indicating the quantity of fuel in the tank of a motor vehicle, the indicating instrument being remote from the tank.

All are combination claims. We quote 1 and 9:

"1. In a fuel gauge for automobiles, the combination of a pressure-responsive part adapted to be attached to the fuel tank, said part having a diaphragm positioned to be subjected to the hydrostatic pressure of the fuel in the tank, an electrical resistance adjacent said diaphragm, a contact member movable over said resistance to thereby vary the effective portion thereof and operative connections between the diaphragm and said member, and an indicating part adapted to be mounted on the dash of the vehicle, said indicating part indicating in terms of fuel quantity the variations in the resistance as effected by the movement of the diaphragm."

"9. In a fuel gauge for automobiles, the combination of a pressure-sensitive part adapted to be connected to the fuel tank and an indicating part adapted to be mounted on the dash of the vehicle for indicating the variations in pressure occurring in the pressure-sensitive part, said indicating instrument comprising a pair of magnetic coils fixedly supported in spaced relation, a circular armature supported for oscillation at a point between said coils and with the opposite sides

of said armature working in said coils respectively, and an indicating member actuated by the movement of said armature, said armature having the portions of its arms which work through said coils tapered but to different extents whereby the armature will assume different positions on variations in the relative values of the current flowing in the two coils, and a variable resistance forming part of said pressure-sensitive part in circuit with one of said coils."

The references cited are: (British) McKinlay, 173,071, Dec. 23, 1921; (British) Runbaken et al., 201,411, Aug. 2, 1923; Custodis, 543,336, July 23, 1895; Henderson, 1,152,730, Sept. 5, 1915; Angus, 1,506,552, Aug. 26, 1924; Winterhoff, 1,591,462, July 6, 1926; Decker, 1,657,855, Jan. 31, 1928; Vawter, 1,681,314, Aug. 21, 1928.

The case presents a somewhat uncommon issue. As has been stated, all the claims are for a combination. It was held by the tribunals of the Patent Office that the combination disclosed was anticipated by the prior art cited, but it seems to be conceded that the pressure-sensitive rheostat and the specific electrical instrument employed by appellant are themselves novel.

The question presented, therefore, is whether a combination, in itself old as a combination, is rendered patentable as such by reason of its containing elements which as individual features are novel.

Appellant has cited no authority to sustain a contention that under such circumstances there is patentable invention, while the brief of the solicitor for the Patent Office directs attention to a number of cases in which the courts have held to the contrary.

In Langan v. Warren Axe & Tool Co. (C. C. A.) 184 F. 720, 721, 1911 C. D. 490, there was involved the validity of a patent for a combination of grabhooks, employed in skidding logs, and a draft device.

The United States Circuit Court of Appeals of the Third Circuit, in holding the combination patent invalid, said: "The grabhooks and draft appliance of the patent, in combination, coact as grab-hooks and draft appliances have always done. The grab-hook of the patent, by reason of its peculiar construction and form, is very probably an improvement of no little utility. But the patentee cannot, merely because of that fact, have a patent for a combination which shall have, as one of its elements, a pair of such grab-hooks. He did not invent the combination. He invented, if he invented anything, an improved grab-hook."

The principle enunciated in the foregoing case has been applied by the Court of Appeals of the District of Columbia in a number of cases, such as In re McNeil, 20 App. D. C. 294, 1902 C. D. 563; In re Ratican, 36 App. D. C. 95, 1911 C. D. 267; In re Bliss, 39 App. D. C. 453, 1913 C. D. 325.

We discern no unsoundness in this principle. A combination, to be patentable as such, must disclose a novelty of co-operation between its elements which produces a new result and amounts to invention, and the mere fact that some elements are themselves novel and possibly patentable as individual elements does not render the combination containing them patentable in the absence of such novel co-operative relation in the combination itself.

One of the references cited against appellant was his own patent, No. 1,681,314 of August 21, 1928, issued upon an application filed January 8, 1921, and renewed January 13, 1928. This shows and claims the combination of pressure-sensitive resistance means with an electrical measuring instrument connected in circuit therewith, these features or elements being of a somewhat different character from those composing a part of the combination here claimed.

Appellant insists, however, that said patent is not a proper reference because not issued until subsequent to the filing of the application here involved. He further insists that all the other references, except Henderson and Custodis, should be disregarded because, with the exception of those two, all of them were issued after the date of January 8, 1921, when he filed the application which resulted in his patent referred to.

These contentions do not appear to us to be well taken, because the involved application, as stated by the Solicitor for the Patent Office, "is neither division, continuation, nor continuation in part" of said application of January 8, 1921, but is a wholly new and independent application. However, as conceded by the Solicitor: "Appellant's own patent is, of course, pertinent only to the extent of its claims, as showing what subject matter has already been patented to appellant."

The Decker patent claims relate to an indicating instrument and the method of making same, and in one of the drawings discloses an adjustable rheostat. The application for this patent was filed October 7, 1925, and patent issued January 31, 1928. It appears to be a proper reference for the pur-

pose cited, under the ruling of this court in Re Smith, 36 F.(2d) 522, 17 C. C. P. A. 752.

Each of the other patents referred to was issued before the filing date of the involved application.

It is not deemed essential to enter into a discussion or description of the technical features of the case. That will be found in the decisions of the tribunals of the Patent Office.

We find no errors of fact or law in the said decisions, and that of the Board of Appeals is affirmed.

Affirmed.