## McGRATH HOLDING CORPORATION v. ANZELL.

### No. 322.

Circuit Court of Appeals, Second Circuit.

May 2, 1932.

Hammond & Littell, of New York City (Nelson Littell, of New York City, of counsel), for plaintiff-appellant.

Darby & Darby, of New York City (Samuel E. Darby, Jr., John S. Bradley, and A. Henry Brill, all of New York City, of counsel), for defendant-appellant.

Before MANTON, L. HAND, and CHASE, Circuit Judges.

MANTON, Circuit Judge.

The plaintiff owns the Alexander patents, No. 1,701,940 and No. 1,719,821, the first for a tire mirror and the second for a hinge mirror, both used on automobiles. No. 1,701,940 was found below not to have been infringed, and No. 1,719,821 valid and infringed as to claim 1 and not infringed as to claim 2, the claims sued on.

The hinge mirror patent consists of a C-shaped clamp to which a mirror is attached, the clamp being designed for attachment over the projecting ends of the hinge pin on the door hinge of a closed automobile. The clamp consists of two L-shaped portions, the horizontal leg of each terminating in a hollow or recess suitably proportioned to fit over the ends of the hinge pin. The vertical leg of one portion is extended into a threaded shank, and the vertical leg of the other portion is tubular so that it may be slipped over the shank and held there by a nut to complete the C-shaped clamp. The clamp is fitted over the hinge, the recessed ends surrounding the ends of the hinge pin, and the two sections are drawn together by tightening the nut at the end of the shank, thus telescopically fastening the clamp to the hinge.

Claim 1 is directed to the old combination of a closed body type of automobile having a hinged door, and the rear view mirror is attached to the hinge of the door. Claim 2 is directed to the specific type of clamp which forms the subject-matter of the invention. The court below found that the defendant's clamp was not the C-shaped clamp of the patent and held that there was no infringement. Claim 1 is for a combination which includes the mirror and its bracket; also the door of a particular type of automobile body, its hinge, hinge leaves, and hinge pin. But all novelty in the idea of attaching a rear view mirror to a door hinge was made known in the Pla-Safe mirror, the date of which is conceded by stipulation to have been February 17, 1927. The patent in suit was granted July 9, 1929, on an application filed June 20, 1928. The only structural difference between this and the Pla-Safe mirror is that the latter is attached to a hinge by means of a bolt which passes through the bracket and also acts as the hinge pin. The Burton patent, No. 1,764,605, filed March 21, 1928, disclosed a spot-light bracket also attached to the door hinge of a closed car by means of a C-shaped bracket and a similar bolt. The novelty, if

any, must therefore be found in the construction of the clamp by means of which the mirror is attached to the hinge. Since this combination was old, the inventor of a new form of one element cannot claim the entire combination, even though he includes his new form of the element. Bassick Mfg. Co. v. Adams, 52 F.(2d) 38 (C. C. A. 2). The combination of the old elements with the new clamp, we think, was new, but this did not amount to invention. Backstay Machine & Leather Co. v. Zenite Metal Co., 293 F. 23 (C. C. A. 7). There is no material difference between the combination including this clamp and the same combination which might include another clamp for the same purpose. The clamp merely holds the mirror upon the hinge of the car, just as other clamps would do. Langan v. Warren Axe & Tool Co., 184 F. 720 (C. C. A. 3). The patent to Denoux, No. 1,521,508, discloses a rear vision mirror clamp consisting of two telescopically arranged L-shaped members, one inverted with respect to the other, and a screw for drawing them together. This illustrated the prior art and disclosed a conception of the construction of this patent. The one change which would make them identical is to form recesses on the ends of the clamp to permit them to fit over the ends of the hinge pin. And this is but the work of a skilled mechanic and does not raise the device to the dignity of an invention. In the prior patent to Godley, No. 1,223,968, a similar shaped clamp is used in attaching a lamp to an automobile which is no different than attaching a mirror. It consists of two opposed L-shaped portions, one telescoping within the other, each provided with a recess in the end and both held together by a nut on the threaded end of the shank of one portion, by means of which they are drawn together. This would come within the designation of the patent in suit, as being telescopically attached. Therefore, the only novelty disclosed by the patent in suit may be fairly said to be the recessing of the ends of one or the other of the old C-shaped clamps so that it will conveniently fit over the hinge of an automobile door, and this accomplishment is not invention. Rosenberg v. Carr Fastener Co., 51 F.(2d) 1014 (C. C. A. 2).

The decree awarding validity and infringement to claim 1 is reversed and sustained as to claim 2 of this patent.

The patent No. 1,701,940 was held not to have been infringed. This patent is somewhat similar to the patent previously considered. It is directed to a means of attaching a rear vision automobile mirror to the spare tire carried on the front fender. The claims sued on, as allowed, were limited to an attachment means consisting of a chain to surround the tire and an adjustable turnbuckle for tightening the chain so as to hold the mirror securely in position. A turnbuckle is a threaded tightening device widely known and used, and permits obtaining adjustments in a fastening means. Each of the four claims of the patent in suit includes the turnbuckle as a necessary element. The file history of the patent confines the patentee to this construction. We agree with the court below that the defendant does not use a turnbuckle or a means which is the equivalent thereof. The structure of the patent consists of a curved base for supporting the mirror to which a chain is connected on each side. The end of the chain is attached to a member having an eyepiece through which extends a threaded bolt, with which is engaged a threaded member having a hook. By passing the chain around the tire and attaching the link of the chain to the hook, and then adjusting the turnbuckle by turning the threaded bolt, the chain may be tightened around the tire to any desired degree, and when so tightened, the turnbuckle may be locked in its adjusted position. This provides a means for adjusting the chain through the engagement of one or another of its links over the hook, and a means for tightening the chain around the tire by use of the turnbuckle. The defendant's device consists of a mirror supported by a curved base to fit the tire, to each side of which is attached a chain, one long and one short. To the short chain there is attached a hasp, one leaf of which is provided with a suitable staple, and the other with a corresponding slot and a hook over which a link of the chain may be attached. The mirror is placed on the top of the tire, the chain is passed around the tire and hooked as snugly as possible over the hook on the hasp; the hasp is then closed to draw up the chain and bind the mirror snugly to the tire; the staple then projects through the slot and a padlock is snapped through the staple. The defendant's hasp, when holding the chain, assumes a fixed position; it is not a turnbuckle nor an adjustable means for holding the chains together. There is no adjustment of any description and it cannot be locked in any adjusted position. It has none of the claimed fine adjustment parts of the Alexander device. The defendant lacks the take-up means which may be locked in any adjusted position and means to lock it when so adjusted as stated in claim 1; it has no turnbuckle as referred to in claims 2 and 4, and it has no ad-

justable means to secure the chains together nor means to lock them in any adjusted position as specified in claim 3. Indeed, the prior art discloses defendant's fastening means (Watson, No. 1,568,014 [1925]; Miller, No. 1,178,172 [1916]). The court properly held that this patent was not infringed.

The decree will be modified, holding claims 1 and 2 of patent No. 1,719,821 invalid, and claims 1, 2, 3, and 4 of patent No. 1,701,940 not infringed.

Decree modified.