38 C.C.P.A. (Patents)

### Application of WILLIAMS.

### Patent Appeal No. 5801.

United States Court of Customs and Patent Appeals.

April 10, 1951.

510

Stowell & Evans, Washington, D. C. (Harold T. Stowell and John O. Evans, Jr., Washington, D. C., of counsel), for appellant.

E. L. Reynolds, Washington, D. C. (J. Schimmel, Washington, D. C., of counsel), for Commissioner of Patents.

Before GARRETT, Chief Judge, and JACKSON, O'CONNELL, JOHNSON, and WORLEY, Judges.

O'CONNELL, Judge.

This is an appeal from the decision of the Board of Appeals of the United States Patent Office affirming the rejection by the Primary Examiner of the two product claims of appellant's application for a patent relating to novel salts of pantothenic acid.

The appealed claims read:

"1. An alkali-forming metal salt of pantothenic acid.

"2. Physiologically active calcium pantothenate."

The Board of Appeals in its final decision referred to but three prior art publications. Upon those references the Solicitor for the Patent Office has based his argument here.

An article published by appellant Williams and others, in July of 1933 in the Journal of the American Chemical Society, Vol. 55, pages 2922–6, reported the discovery and production of pantothenic acid. It was there described as a new substance useful for the stimulation of the growth of plants and micro-organisms and believed to be necessary for the proper nutrition of animals. The authors of the article therein fully disclosed not only the chemical and biological properties of the acid, but also the experimental work performed by appellant and others whereby the acid was extracted from certain natural materials and the name of pantothenic acid given to the active substance thus isolated.

A further report on supplemental work done on the pantothenic acid extract by appellant and others was published in Chemical Abstracts, 1935, Vol. 29, col. 4805.

A third article relied upon by the tribunals of the Patent Office as prior art was published in 1941 by Parke and Lawson as a contribution from the Research and Biological Laboratories of Parke, Davis and Company. This article described the preparation and properties of sodium pantothenate for use as a primary vitamin standard. Racemic and dextro sodium pantothenate were also disclosed.

The invention described in appellant's application relates to substances naturally occurring in the tissues of all living things. The issues presented here do not, however, involve the chemical constitution or nature of the material, which is obtained either from natural sources or synthetically.

The synthetic method of producing pantothenic acid was patented to appellant on February 22, 1949, on an earlier application, serial No. 265,799, which matured into the patent to appellant, No. 2,462,499. The instant application is said by appellant to be a division of that patent, while the parent application was copending in the Patent Office. The examiner, however, identified the instant application as a continuation-in-part of the parent application.

Since appellant had the right as a matter of law to file a continuing or continuation-in-part application embodying the subject matter of the instant application,[1] the point of distinction need not be further considered here, and was not so considered by the board.

The appealed claims, among other things, were rejected by the examiner as lacking invention over the prior disclosure by ap-

1. Harder v. Hayward, 150 F.2d 256, 32 C.C.P.A., Patents, 1051.

pellant et al. of the pantothenic acid in the published article of July of 1933 and the cumulative article of 1935 hereinbefore described. On that basis the examiner further held: "It is commonplace in chemistry that acids will react with the common alkali metal hydroxides, such a sodium or calcium hydroxide to form salts. Therefore the common salts are said to be unpatentable variants and to be suggested to the chemist by the old acid. No utility over the acid compound as it exists in nature apparently is found in the simple salts."

The additional ground of rejection advanced by the examiner with respect to claim 1, was explained by the board as follows: "Claim 1, which is drawn broadly to an alkali-forming salt, was held to be unpatentable over the publication by Parke et al on the ground that the breadth of this claim is not supported in appellant's earlier filed application, which appellant relies upon to antedate this reference. Appellant contends that the sodium salt of pantothenic acid is disclosed in the earlier application, Serial No. 265,799, now Patent No. 2,462,449, since the hydrolysis with sodium carbonate referred to in Example 3 of the specification of the earlier case produces the sodium salt of pantothenic acid. We have carefully considered the disclosure in the earlier application, but we are unable to agree with appellant that the sodium salt is there disclosed. * * *"

The Board of Appeals, in affirming the decision of the examiner, approved each specific ground of rejection. Appellant petitioned for reconsideration urging, among other things, that he was entitled to have the prior decision of the board on the parent application accepted as the law in the instant case in the absence of clear and convincing reasons to the contrary explicitly set forth: citing Ex parte Bresnahan, 27 U.S.P.Q. 228.

The board reviewed and considered the petition, but adhered to the original decision of the affirmance of the examiner for the reasons stated. The board pointed out, however, that the grounds of rejection advanced in the instant case were not present and were not passed upon in the prior case wherein the identical claims had been considered.

The application here in issue, serial No. 735,253, was filed by appellant on March 17, 1947. Claims 1 and 2 of the instant application were claims 53 and 54 of the original application, both of which were rejected by the decisions of the board rendered on February 3 and 20, 1947, on the ground, among other things, that those two claims were without patentable merit over the two reference articles of record by Jukes et al. and Snell et al.

The references relied upon in the instant case were not cited in the prior case, and as correctly stated in the brief by the Solicitor for the Patent Office:[2] "While it is true that had the present rejections been made at the same time as the original one they might have been considered by the Board of Appeals, in the parent case, nevertheless it does not follow that the failure of the examiner to make the rejections at that time precludes the making of those rejections later when it appears proper to do so. * * *"

Appellant contends that claims to naturally occurring substances, such as we have here, are unpatentable only when such claims are anticipated by the availability of the reference substance prior to the making of the invention,[3] and urges that the rejection advanced against these claims as unpatentable over the prior art of record is unsound because pantothenic acid was not an old article, but merely a hypothetical substance, when the invention defined by the appealed claims was made.

2. Citing: Hoover Co. v. Coe, 325 U.S. 79, 65 S.Ct. 955, 89 L.Ed. 1488; In re Smith, 36 F.2d 522, 17 C.C.P.A., Patents, 752; In re Tucker, 54 F.2d 815, 19 C. C.P.A., Patents, 810; In re Drawbaugh, 9 App.D.C. 219; International Standard Electric Corp. v. Ooms, 81 U.S.App.D.C. 215, 157 F.2d 73; Philadelphia Storage Battery Co. v. Zenith Radio Corp., 7 Cir., 117 F.2d 642; Moore v. United States ex rel. Chott, 40 App.D.C. 591.

3. Citing: Cochrane v. Badische Anilin & Soda Fabrik, 111 U.S. 293, 4 S.Ct. 455, 28 L.Ed. 433; Parke-Davis & Co. v. H. K. Mulford Co., C.C., 189 F. 95, 103.

The appellant's argument is not supported by the facts presented in the record. Appellant concedes in his brief, with respect to the basic reference in the instant case, that: "In an article published in 1933, he first gave this acid yeast growth stimulant the name 'pantothenic acid' and described a number of its physical, chemical and biological properties."

That concession is inconsistent with his argument that pantothenic acid was not in existence at the time the experiments described in his article of 1933 were performed, even though the materials thus employed were crude extracts containing an acid, either free or partly in the form of a lactone or ester. The hydrogenation, oxidation, heat stability, and esterification tests were performed on material which was available to the art, including the appellant.

■ The board squarely held in its decision that "Certainly the acid was available and isolated prior to the making of the salts by the appellant." To appellant's challenge of that statement in his petition for reconsideration, the board explained the basis for its decision in detail: "Petitioner states that the sentence beginning at the bottom of page 2 of the decision is not correct because the 'acid' was first made available and isolated by appellant in the form of its 'calcium salt' by the appellant and others by a process first described in the Journal of the American Chemical Society, Vol. 60, page 2719, 1938. What we were referring to was the acid, not its 'calcium salt'. The existence of a material which was referred to as 'pantothenic acid' was known as early as 1933 (Journal of the American Chemical Society, Vol. 55, of record). This material was recognized as an acid having certain biological and chemical properties and discussed in later publications prior to 1938. The term 'pantothenic acid', which the authors of various early articles ascribed to the then recognized acid, is the same term applied to the acid in the appealed claims. It, therefore, appears to us that the acid was available prior to the 'making of the salts' by the appellant as we stated in our decision."

There appears to be no manifest error in the holding of the board hereinbefore described, nor in its holding that the claimed salts are non-inventively different from the acid. In view of that conclusion, it is deemed unnecessary to discuss the additional grounds of rejection from which appellant has taken the appeal, and the decision of the board is accordingly affirmed.

Affirmed.