# MELL *v.* MIDGLEY.

PATENTS; INTERFERENCE; RULES OF PRACTICE; PATENTABILITY; DISSOLU-
TION OF INTERFERENCE.

1. The rules of practice of the Patent Office, when not in conflict with any
   provision of law, have the full force and effect of statutes; and a
   rule of practice of that Office can only be repealed, modified, or sus-
   pended by the Commissioner of Patents with the approval of the
   Secretary of the Interior.

2. The question of the patentability of an invention is a question to be
   determined by the Patent Office, and not by this court upon an ap-
   peal from a decision of the Commissioner awarding priority of in-
   vention in an interference proceeding.

3. Where, after a motion by the junior party to an interference to dissolve
   an interference on the ground of the nonpatentability of the inven-
   tion in view of a prior patent was dissolved, and while an appeal by
   him to the Commissioner was pending, the proceedings, at the re-
   quest of the Primary Examiner, were suspended by the Commissioner,
   and the Primary Examiner then decided that the invention was un-
   patentable, whereupon, on motion of the senior party, the Commis-
   sioner vacated all of the proceedings subsequent to the appeal, includ-
   ing the decision of the Primary Examiner, and then on a final hear-
   ing of the appeal awarded priority to the senior party, the junior
   party, on an appeal to this court from such award of priority, can-
   not be heard to complain that the Commissioner exceeded his juris-
   diction in granting the petition of the senior party and setting aside
   the decision of the Primary Examiner, for the reason that it was his,
   the junior party's, appeal that was reinstated, and the order reinstat-
   ing the appeal must be presumed to have been for his benefit, and
   also because he is in no position to raise the question presented, as,
   when the order complained of was made, the senior party had a judg-
   ment of priority in his favor, and the junior party was in no better
   position to raise the question of patentability than a disinterested
   party.

No. 503.   Patent Appeals.   Submitted May 19, 1908.   Decided June 2, 1908.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference proceeding.          *Affirmed.*

The facts are stated in the opinion.

*Mr. William E. Dyre* for the appellant.

*Mr. W. B. Corwin* and *Mr. Ernest Hopkinson* for the appellee.

Mr. Justice VAN ORSDEL delivered the opinion of the Court:

This is an appeal from a decision of the Commissioner of Patents in an interference proceeding. The issue is involved in the following counts:

"1. In a vehicle wheel, the combination with a main rim member and a removable side flange, said main rim member having a bead or rib extending toward the center of the wheel and the removable side flange having a similar bead or rib, of an expanding locking ring engaging both of said ribs or beads.

"2. The combination, with a wheel rim, of a ring having an outwardly extending and inwardly turned flange at one edge to engage the tire, and extending across and secured to the outer surface of the rim, a ring having an outwardly extending and inwardly turned flange to engage the tire at the other side, flanges on the adjacent edges of said rings extending inward therefrom parallel with one side of the rim, and a severed ring engaging said flanges to secure the rings together."

The appellant, Tod J. Mell, filed his application for letters patent on December 19, 1905, and the appellee, Thomas Midgley, filed his application on April 29, 1905. The interference was declared October 23, 1906. In his preliminary statement, Mell alleged dates subsequent to the filing date of Midgley. On the face of the record, Midgley was entitled to a judgment of priority. Confronted with this embarassing situation, Mell filed a motion to dissolve the interference on the ground of the nonpatentability of the invention in view of certain prior pat-

ents. This motion was denied by the Primary Examiner. The interference came on for hearing before the Examiner of Interferences, and a judgment of priority was rendered in favor of Midgley. Mell appealed to the Board of Examiners-in-Chief, where the decision of the Examiner of Interferences was affirmed. Mell then appealed to the Commissioner of Patents, where the case was set for hearing on October 1, 1907.

It may be stated that on each appeal Mell was insisting upon the nonpatentability of the invention in issue, in view of the prior patent to one Harris, to which he referred specifically in his motion to dissolve the interference before the Primary Examiner.

On August 30, 1907, the Primary Examiner of division No. 41 requested that further proceedings in the interference be suspended and jurisdiction be restored to him to consider the patentability of the issue. This request was granted by the Commissioner, and on September 12, 1907, the Examiner decided the invention involved in the issue unpatentable. This decision was based entirely upon the Harris patent, which had been considered by his predecessor on the motion to dissolve, by the Examiner of Interferences, and by the Examiners-in-Chief, and which was suggested by Mell in the appeal to the Commissioner.

Midgley then filed a petition on September 24, 1907, praying the Commissioner "that all proceedings in the above-entitled case subsequent to the appeal to your Honor on the merits, which was set for hearing October 1, 1907, be set aside, and the interference restored to the condition it was in on the 15th day of August, 1907. And, further, that proceedings in the interference be suspended pending the determination of this petition." The petition was granted by the Commissioner, and the case on appeal came on for final hearing. On December 6, 1907, the Commissioner affirmed the decision of the Examiners-in-Chief. Mell filed a motion for a rehearing, urging that the Commissioner had exceeded his jurisdiction in granting the petition of Midgley and setting aside the decision of the Primary

Examiner of division 41. This motion was denied, and thereupon this appeal was taken.

It is contended by counsel for appellant that the case is not properly before this court, and should be remanded, with instructions to the Commissioner to proceed with the case in accordance with the rules regulating procedure in the Patent Office. The interference was suspended by the Commissioner, and the matter referred to the Primary Examiner, under rule 128, which is as follows: "If, during the pendency of an interference, a reference be found, the interference may be suspended, at the request of the Primary Examiner, until the final determination of the pertinency and effect of the reference, and interference shall then be dissolved, or continued, as the result of such determination. The consideration of such reference shall be *inter partes.*" It is insisted that, when the Primary Examiner declared the issue nonpatentable, there was but one course of procedure left for appellee, which is set forth in rule 124 as follows: "Where, on motion for dissolutions, the Primary Examiners renders an adverse decision upon the merits of a party's case,—as, when he holds that the issue is not patentable, or that a party has no right to make a claim, or that the counts of the issue have different meanings in the cases of different parties,—he shall at once reject such claims as may be affected, and shall set a time for reconsideration; after reconsideration, if he adheres to his original conclusion, he will make the previous rejection final and fix a limit of appeal. The appeal must go to the Examiners-in-Chief in the first instance, and will be heard *inter partes.*"

It is well settled that the rules of procedure in the Patent Office, when not in conflict with any provision of law, have the full force and effect of statutes. These rules are made and promulgated by the Commissioner, by and with the approval of the Secretary of the Interior. The approval of the Secretary of the Interior being necessary to the adoption and establishment of a rule, we think the contrary would be true, that, where a rule of procedure is in force, it can only be repealed, modified, or sus-

pended by the Commissioner with the approval of the Secretary of the Interior.

The real question before us, however, is not the effect of the rules of procedure in the Patent Office, but whether appellant is in a position to assail the action of the Commissioner. The position of counsel for appellant is an anomalous one. After invoking the jurisdiction of this court on appeal from a judgment of priority by the Commissioner of Patents, it is now insisted that that question is not properly before us for consideration. Appellant, after pursuing the issue of priority to defeat, apparently is seeking to rob his adversary of the fruits of his victory by having the invention in issue declared unpatentable. This result is sought to be obtained by here attacking the methods employed by the Commissioner in arriving at his decision.

We are not required to pass upon the regularity of the action of the Commissioner in this proceeding. That question is not before us for consideration. The patentability of an invention is a question to be determined by the Patent Office, and not by this court upon appeal in an interference proceeding. There are two reasons why Mell cannot be heard to complain of the order of the Commissioner: First, because it was his appeal that was reinstated, and the order reinstating the appeal must be presumed to have been for his benefit; and, second, because he is not in a position to raise the question here presented. At the time the Commissioner made the order complained of, Midgley had a judgment of priority in his favor. Mell, in the face of that judgment, was in no better position to raise the question of patentability than that of a disinterested party. It is well settled that a disinterested party is never in a position to raise such a question. The Commissioner is charged with the duty of representing the public interests in the issuance of a patent, and when he has declared an invention patentable, a mere disinterested party cannot question his judgment. This being true, the reference of the question of patentability to the Primary Examiner, so far as Mell is concerned, amounted to nothing more than a discretionary move on the part of the Commissioner, presumably for the purpose of gaining further informa-

tion; and, when he again took up the matter of the appeal from the Board of Examiners-in-Chief, whether regular or irregular, —a question upon which we express no opinion,—he simply resumed consideration of the only issue before him in which Mell was entitled to be heard, namely, the priority of invention. Upon that question alone he passed, and that is the only matter before us for consideration.

All the tribunals of the Patent Office found in favor of Midgley. Mell failed to establish any date prior to Midgley's filing date, and there is no hypothesis upon which a judgment in his favor could be based. We find no reason to disturb the decision of the Commissioner of Patents. The judgment is therefore affirmed, and the clerk is directed to certify these proceedings, as by law required. *Affirmed.*