# LECROIX v. TYBERG.

PATENTS; PATENTABILITY; INTERFERENCE; SPECIFICATIONS AND CLAIMS; APPEALS.

1. Where the utility of a machine which, by the combination of elements, accomplishes a new result, is not questioned, the invention is entitled to a much greater liberality of treatment than as if it dealt merely in specific improvements upon an old machine.

2. In an interference involving the invention of a machine for mechanically transferring a cigar "bunch" from the mould to a wrapping mechanism by which the wrapper is applied to the cigar "bunch," and in which the machines of the parties showed different species of transferring device, it was *held* that the term "means," as used in certain of the issues calling for the combination with the wrapping mechanism of "means for transferring the bunches from the mould to the wrapping mechanism," was a generic term, and applicable alike to the transferring device of each party.

3. The question whether the applications of the parties show the same invention cannot properly be raised for the first time on an appeal in an interference proceeding. To be considered on appeal, such question should be raised by appropriate motion in the Patent Office.

4. Whether there exists a statutory bar of public use to the issuance of a patent to one of the parties to an interference cannot be put in issue

on an appeal by the other party to this court in an interference case. (Following *Burson* v. *Vogel*, 29 App. D. C. 388.)

5. On an appeal from the decision of the Commissioner of Patents in an interference case, this court will not consider the patentability of the invention. (Following *Sobey* v. *Holsclaw*, 28 App. D. C. 65, and *Mell* v. *Midgley*, 31 App. D. C. 534.)

No. 578.    Patent Appeals.    Submitted May 19, 1909.    Decided November 2, 1909.

HEARING on an appeal from a decision of the Commissioner of Patents in an interference case.                    *Affirmed.*

The facts are stated in the opinion.

*Mr. William G. Henderson, Mr. James L. Norris,* and *Mr. James L. Norris, Jr.* for the appellant.

*Mr. M. B. Philipp* and *Mr. James Q. Rice* for the appellee.

Mr. Justice ROBB delivered the opinion of the Court:

This is an interference proceeding involving cigar machines and appellant, Joseph D. Lacroix, the junior party, seeks a reversal of three concurrent decisions of the Patent Office tribunals. The issue is thus stated:

"1. The combination, with a wrapping mechanism, of means for supporting a plurality of bunches, and means for transferring bunches from the supporting means to the wrapping mechanism.

"2. The combination, with a wrapping mechanism, of means for supporting a mold, and means for transferring the bunch from the mold to the wrapping mechanism.

"3. The combination, with a wrapping mechanism, of means for supporting a mold containing a plurality of bunches, and means for transferring the bunches from the mold to the wrapping mechanism.

"4. The combination with a bunch support operating to sustain a plurality of bunches, of a lifting device including means

for engaging each bunch, and devices for operating the lifting device to remove the bunches from, and transport them from, the support.

"5. The combination, with means for supporting a mold having a plurality of bunch receptacles, of means for removing the bunches from said receptacles and transporting them from the mold.

"6. The combination, with a bunch support, of bunch removing means, said means including a bunch impaling device, and means for operating said bunch removing means to transport the bunch from the support."

It will be observed that counts 1, 2, and 3 involve as an essential element the wrapping mechanism, while counts 4, 5, and 6 do not.

On March 28, 1901, Oluf Tyberg, a mechanical engineer highly skilled in this art, filed application No. 53,211, embracing the subject of counts 4, 5, and 6. On Sept. 19, 1902, he filed application No. 123,970, embracing the subject of counts 1, 2, and 3.

The application of Lacroix, embracing the subject of each of the counts, was not filed until Oct. 10, 1902.

The Examiner of Interferences, after a very careful review of the evidence submitted, ruled (1) that Lacroix had failed to prove conception and disclosure of the invention prior to Tyberg's date of reduction to practice, and (2) that, even assuming such prior conception and disclosure, Lacroix could not prevail, because he had been lacking in diligence from March, 1900, the date when Tyberg had a full conception of the invention, to Aug. 1901. These rulings were fully sustained by the Board of Examiners in Chief and by the Commissioner, and were not seriously challenged in the argument at bar. The record, we think, fully sustains these conclusions, and we therefore approve them without entering upon an unprofitable review of the evidence.

But appellant earnestly insists that Tyberg has no right to make the claims forming counts 1, 2, and 3, because his machine does not embody the structure called for by these counts.

If this contention is sound, it follows that, as to those counts, the interference is merely in words.

The record fails to show that this question was presented to the Examiner of Interferences. At all events, his decision contains no reference to it. It was, however, considered by the Examiner in Chief, and disposed of as follows: "Lacroix strongly contends, in support of his claim of priority, that Tyberg, instead of having in the machine of his application and proofs, means for transferring cigar bunches from the support (mold) to the wrapping mechanism, as required by the issue, employs three separate independently acting means, each performing a different function, for carrying bunches from the support to the wrapping mechanism; whereas, the Lacroix machine comes directly under the terms and spirit of the issue because said machine is provided with swinging arms which lift the bunches from the support (mold) and transfer them to the wrapping mechanism. Lacroix claims that the machines of the two interferences are substantially different from each other in construction, operation, and function, and that it is only by a strained, unauthorized, and unnatural interpretation of the language of the issue that it includes Tyberg's construction.

"Tyberg discloses a rocking needle for transferring bunches from the mold, a traveling chain support to receive the bunches from the needle bar and transport them to a point adjacent the cigar-wrapping machine, and a horizontal swinging arm provided with grippers to lift the bunches from the chain support and transfer them to the wrapper-applying machine. We do not feel justified in holding that this machine is not within the terms of the issue, for the means for transferring the bunches from the supporting means or molds is broadly defined in the issue, and may be either the direct and simple means of Lacroix or the indirect and more complex means of Tyberg."

On appeal, the question was presented to the Commissioner, and his decision was in harmony with that of the Examiners in Chief. He said: "In Tyberg's device, a plurality of bunches are transferred by an arm carrying a series of needles from

their support in the mold to a chain carrier. From said chain carrier a swinging gripping device transfers the bunches, one by one, to the wrapping mechanism. In the device of Lacroix a single bunch is transferred at one operation, by means of an oscillating arm, from the mold to the wrapping mechanism, and without the use of the intermediate chain carrier of Tyberg. Lacroix contends that the portion of claims 1, 2, and 3, calling for 'means for transferring the bunches from the mold to the wrapping mechanism,' is not properly readable on Tyberg's structure, since, in the latter structure, it must cover three elements; *viz.,* the needle bar, the chain carrier, and the swinging arm.

"This contention is believed to be without force. The claims constituting these counts of the issue originated in the Tyberg application, and should be construed in the light of his disclosure. In Tyberg's machine it was found advantageous to remove all the bunches from the mold at one operation. The wrapping mechanism, however, could operate on but one bunch at a time. It was therefore necessary, in his device, to provide the intermediate chain carrier to receive a plurality of bunches removed from the mold, and permit them to be taken, one at a time, to the wrapping mechanism. The only function of the needle bar, chain carrier, and swinging arm is to take the bunches from the mold to the wrapping device; taken together, they form the transfer mechanism, or the 'means for transferring the bunches from the mold to the wrapping mechanism,' as called for in these counts of the issue. It is true that Lacroix shows a different species of transferring device, and the means in his case covers merely the oscillating arm and its operating mechanism. The term 'means,' however, is a generic one, and equally applicable to either species of transferring device. In reply to the contention that it does not properly define Tyberg's invention, it may be said that the invention of the counts under consideration does not reside in any particular construction of transferring means, but in the combination of the transferring means with the other elements of the combination claimed."

Molds have long been employed for shaping machine-made cigars. When placed in these molds, the cigar, then technically called a "bunch," consists of a filler of tobacco, or some substance resembling it, and a binder. When Tyberg entered the field, these bunches were removed from the molds by hand, and by hand transferred to the wrapping mechanism. Bunch-making machines, molds, and wrapping machines, were all old in the art.

What Tyberg sought to construct, and what he did in fact construct, was a machine that would remove automatically the bunches from the molds and transfer them to the wrapping mechanism. It is apparent, therefore, that, if adequate protection is to be given his invention, it must be held to reside, not in any particular construction of the transferring means, but in the combination of elements; *viz.*, the mold, or support for the bunches, the wrapping mechanism, and means for transferring the bunches from the mold to the wrapping mechanism. Tyberg's machine, by this combination of elements, accomplished a new result. Its utility being unquestioned, the invention is entitled to much greater liberality of treatment than as though it dealt merely in specific improvements upon old machines. *Morley Sewing Mach. Co.* v. *Lancaster,* 129 U. S. 263, 32 L. ed. 715, 9 Sup. Ct. Rep. 299; *Hobbs* v. *Beach,* 180 U. S. 383, 45 L. ed. 586, 21 Sup. Ct. Rep. 409. We agree with the Commissioner that the words "means for transferring the bunches from the mold to the wrapping mechanism," as used in counts 1, 2, and 3, are applicable alike to the transferring device of each party. The term "means," as used in this connection, must be held to be a generic term, and hence applicable to each species of transferring device. It follows that these counts are readable on Tyberg's structure.

It is also urged that the Commissioner erred in awarding priority of invention to Tyberg on count 4 because the applications of the respective parties, so far as this count is concerned, do not show the same invention. This question cannot be raised for the first time at this stage of the proceeding. It should have been raised by appropriate motion before the Patent Office, and brought here on appeal.

Whether there exists a statutory bar of public use to the issuance of a patent to Tyberg, as is contended by appellant, is not an issue here. *Burson* v. *Vogel,* 29 App. D. C. 388.

Neither are we called upon, in this proceeding, to determine the patentability of the invention. That is a question to be determined by the Patent Office. *Mell* v. *Midgley,* 31 App. D. C. 534; *Sobey* v. *Holsclaw,* 28 App. D. C. 65.

The decision of the Commissioner is affirmed, and the clerk of this court will certify this opinion and the proceedings in this court to the .Commissioner, as required by law.

*Affirmed.*