**JEFFREY MFG. CO. v. KINGSLAND,**
Commissioner of Patents.

No. 9941.

United States Court of Appeals
District of Columbia Circuit.

Argued Oct. 12, 1949.

Decided Dec. 12, 1949.

Mr. Harker H. Hittson, Columbus, Ohio, with whom Mr. Edwin B. Gary, Washington, D. C., was on the brief, for appellant.

Mr. Edwin L. Reynolds, Solicitor, United States Patent Office, Washington, D.C., with whom Mr. W. W. Cochran, former Solicitor, United States Patent Office, Washington, D. C., was on the brief, for appellee.

Before CLARK, WILBUR K. MILLER and PROCTOR, Circuit Judges.

PROCTOR, Circuit Judge.

The question here is whether, after the Court of Customs and Patent Appeals reverses a rejection of a patent application, the Patent Office may still deny the applica-

tion on the basis of an additional reference to the prior art not previously cited.

The Patent Office rejected all claims of appellant's application. Upon appeal the Court of Customs and Patent Appeals reversed the rejection as to two of the claims. Application of Curley, 34 C.C.P.A., Patents, 749, 158 F.2d 300. Upon return of the case to the Patent Office those claims whose rejection had been affirmed by the court were cancelled. This was in keeping with the decision. The examiner then rejected the remaining claims on the basis of a newly discovered reference to the prior art, and on other grounds not here important.

In dismissing appellant's complaint, seeking to compel issuance of the patent, Judge Holtzoff filed an opinion, D.C., 77 F.Supp. 617, holding that a decision of the Court of Customs and Patent Appeals was not res judicata as to the right of appellant to letters patent. We agree with this conclusion.

█ In our opinion the decision of the Court of Customs and Patent Appeals did not operate as a mandate to issue the patent. Its effect was simply to remand the case for further proceedings by the Patent Office not inconsistent with the court's decision. There was nothing in the second rejection, based as it was upon the new reference, in conflict with that decision.

█ We find no controlling case directly in point. Yet there is persuasive force in the statement of Justice Roberts in Hoover Co. v. Coe, 1945, 325 U.S. 79, 89, 65 S.Ct. 955, 960, 89 L.Ed. 1488. Speaking for a unanimous Court he said: " * * * where an applicant has succeeded in a bill filed under R.S. § 4915, the courts have not questioned the power of the Patent Office subsequently to disallow the claims for want of invention over a newly discovered reference to the prior art." See also Philadelphia Storage Battery Co. v. Zenith Radio, 7 Cir., 1941, 117 F.2d 642; Moore v. United States ex rel. Chott, 1913, 40 App. D.C. 591.

If it be the rule as to suits under Section 4915, 35 U.S.C.A. § 63, that new grounds for rejection may be advanced after return of the case from a district court, then there can be no question as to the propriety of such further action after a return from the Court of Customs and Patent Appeals under Section 4914, 35 U. S.C.A. § 62. For under that section the scope of an appeal is limited to the evidence produced before the Commissioner of Patents, and the decision of the court is confined to the points set forth in the reasons of appeal. Then, as provided by the statute, upon return of the case to the Commissioner the decision "shall govern the further proceedings in the case." We do not think, as appellant contends, that this latter provision restricts further action of the Commissioner to the formality of issuing the letters patent where the Patent Office has been reversed. The court's decision is not a judgment. It carries no mandate to issue the patent. See McCrady, Patent Office Practice 276, 286 (2d Ed. 1946). It is simply an instruction, which the Commissioner must follow, regarding the particular points involved in the appeal. We are supported in this view by the Supreme Court in Postum Cereal Company v. California Fig Nut Company, 1927, 272 U. S. 693, 698, 47 S.Ct. 284, 285, 71 L.Ed. 478. That case involved a decision of this court in a trade-mark case on appeal from a ruling of the Patent Commissioner. Chief Justice Taft likened the appeal to those entertained by this court under Section 4914, prior to transfer of that appellate jurisdiction to the Court of Customs and Patent Appeals. In speaking of the decision of this court in the trade-mark case, the Chief Justice said: "The decision of the Court of Appeals under § 9 of the Act of 1905 is not a judicial judgment. It is a mere administrative decision. It is merely an instruction to the Commissioner of Patents by a court which is made part of the machinery of the Patent Office for administrative purposes."

The early case of Arnold v. Bishop, 1841, 1 Fed.Cas. pages 1168, 1170, No. 553, was an appeal to the Chief Justice of the Circuit Court for the District of Columbia. There he was dealing with Section 11 of the Act of 1839, conferring appellate jurisdiction upon the occupant of his office substantially similar to that now exercised by the

Court of Customs and Patent Appeals under present R.S. § 4914. Concerning the limited effect of his decisions, Chief Justice Cranch said: "The words of the act are, that the judge's decision 'shall govern the further proceedings of the commissioner in such case.' This must apply only to so much of the case as is involved in the reasons of appeal; and the appeal itself can be considered only as an appeal to so much of the decision of the commissioner as is affected by such reasons. *If, therefore, after the judge shall have decided in favor of the applicant upon the points involved in his reasons of appeal, other sufficient reasons remain for refusing the claim for a patent, untouched by the decision of the judge, it would seem that the commissioner might properly still reject it.*" [1]

So too, the Court of Customs and Patent Appeals voiced a similar view in the recent case of Krasnow v. Bender, 1948, 36 C.C.P.A., Patents 723, 170 F.2d 560. Citing with approval Judge Holtzoff's opinion in the case now before us, the court said, 170 F.2d at page 564: "There may be good legal reasons why a prevailing application in a proceeding such as this, in the light of knowledge acquired by the Patent Office when such application is returned for an ex parte proceeding, should not be allowed to ripen into a patent, and when any such reason exists under those circumstances, it will, in our opinion, be recognized by that office." See also In re Smith, 1929, 17 C.C.P.A., Patents, 752, 36 F.2d 522; In re Tucker et al., 1931, 19 C.C.P.A., Patents, 810, 54 F.2d 814. It is important to note that these cases deal directly with the effect of decisions by the Court of Customs and Patent Appeals in proceedings under Section 4914.

█ There is another reason, equally important, why res judicata should not apply in the circumstances of this case. The public has a substantial interest in the granting of every patent. This dominant influence has been emphasized by the Su-

preme Court. Densmore v. Scofield, 1880, 102 U.S. 375, 378, 26 L.Ed. 214; Mercoid Corp. v. Mid-Continent Co., 1944, 320 U.S. 661, 665, 64 S.Ct. 268, 88 L.Ed. 376. In the case of In re Drawbaugh, 1896, 9 App.D.C. 219, 240, we find this impressive statement by Chief Justice Alvey: "The patent should not issue as an experiment upon the public, nor to embarrass or infringe the use of other inventions having just priority. To every application for a patent the public is a party in an important sense, more than that of mere formal grantor. It is substantially interested in preventing the people from being harassed by the claims of a monopoly, when in fact there may be no just grounds for such claims. * * * If, therefore, there be any substantial, reasonable ground within the knowledge or cognizance of the Commissioner why the patent should not issue, whether the specific objection be raised and acted upon by the examiners or not, it is his duty to refuse the patent; and especially is it so, when the primary examiner and the examiners-in-chief have found such ground for refusal to exist." See also Warner v. Smith, 1898, 13 App.D.C. 111, 114; Vanore v. Improta, 1928, 58 App.D.C. 130, 25 F.2d 918, 923.

█ In support of its contention, appellant refers to the opinion of Judge Prettyman in Knutson v. Gallsworthy, 1947, 82 U.S.App.D.C. 304, 164 F.2d 497, an appeal from the District Court of a proceeding under Section 4915. But we note the court's statement that it did not have a res judicata question before it, 82 U.S.App.D.C. at pages 308, 309, 164 F.2d at pages 501, 502, and was not dealing with the problem of prior art references newly discovered after the court's adjudication. Yet, these are the very questions which we have had to decide in the present case with reference to a decision of the Court of Customs and Patent Appeals in a Section 4914 proceeding.

The judgment of the District Court is
Affirmed.

---

1. Italics supplied.