44 C.C.P.A. (Patents)

**Frederick F. GLASS, Appellant,**

v.

**William C. DE ROO et al., Appellees.**

**Patent Appeal No. 6298.**

United States Court of Customs
and Patent Appeals.
Nov. 30, 1956.

Otis A. Earl, Kalamazoo, Mich., and Munson H. Lane, Washington, D. C., for appellant.

Lloyd C. Root, John A. Marzall, and Marzall, Johnston, Cook & Root, Chicago, Ill., for appellees.

Before JOHNSON, Chief Judge, and O'CONNELL, WORLEY, and RICH, Associate Judges.

PER CURIAM.

This appeal is from a decision of the Board of Patent Interferences awarding priority of invention to appellees. Appellees move to dismiss this appeal on the ground that appellant's reasons of appeal fail to raise any question on which this court has jurisdiction to pass.

Appellant bases his appeal on twelve reasons of appeal which it is unnecessary for us to set forth. Appellees, in moving to dismiss, have analyzed these reasons, pointing out that they all relate, directly or indirectly, to the question of patentability and to no other question. Appellant does not deny this and his lengthy brief opposing the motion is merely an extended argument as to why this court should, for various reasons, undertake to review the question of patentability. The contention, in appellant's own words, is:

> * * * that this court is qualified to hear and determine the instant appeal and to render a decision indicating the presence or absence of invention in the structure defined by the count of the interference.

However qualified we may be, we are, unfortunately for the appellant, without jurisdiction to do so on an appeal in an interference case.

■■■ Our jurisdiction in a patent interference is limited to a review of the decision of the Board of Patent Interferences, 35 U.S.C. § 141. The jurisdiction of that board is limited to a determination of the question of priority of invention, 35 U.S.C. § 135. As to both the board and this court, certain questions which are "ancillary" to priority may also be considered. Patentability is not one of those questions. Hess v. Dreyfuss, 104 F.2d 801, 26 C.C.P.A., Patents, 1407, 1410; Kleinman v. Steinbach,

187 F.2d 743, 38 C.C.P.A., Patents, 924, 932. See also Patent Office Rule 258, 35 U.S.C.A.Appendix. In reviewing a decision of the Board of Patent Interferences, we are obviously without jurisdiction to consider an issue which the board is not authorized to decide. Appellant availed himself of the procedures under the Patent Office Rules for attacking the patentability of the count without success. The statutes do not provide for any review by this court of rulings in the Patent Office that a claim is patentable. We consider patentability only in *ex parte* appeals from decisions holding claims unpatentable.

Our power of review in patent interferences is set forth in 35 U.S.C. § 141 in the following words:

> " * * * A party to an interference dissatisfied with the decision of the board of patent interferences *on the question of priority* may appeal to the United States Court of Customs and Patent Appeals, * * * " (Emphasis ours.)

■■■ Appellant puts a peculiar twist on these words. He does not argue that he is entitled to an award of priority, which issue has been decided against him, but urges that the quoted portion of section 141 provides for an appeal to this court by a party to an interference who is "*dissatisfied* with the decision of the board of patent interferences on the question of priority" and that he *is* dissatisfied with such a decision because "there can be no question of priority and therefore no decision of priority in an unpatentable count or claim." (Emphasis ours.) This reasoning we deem to be specious. In support of his contention appellant cites Hill v. Wooster, 132 U.S. 693, 10 S.Ct. 228, 33 L.Ed. 502; and Hoover Co. v. Coe, 325 U.S. 79, 65 S.Ct. 955, 89 L.Ed. 1488. Those cases, however, are not pertinent here since they do not relate to appeals but to suits in equity under R.S. 4915 (now superseded by civil actions under 35 U.S.C. §§ 145 and 146) in which the relief sought was not an award of priority but a judgment holding that the plaintiff "is en-

titled, according to law, to receive a patent." Moreover, in Sanford v. Kepner, 344 U.S. 13, 73 S.Ct. 75, 97 L.Ed. 12, it was held that even in an action under R.S. 4915, arising out of an interference proceeding, it was not the duty of the court to adjudicate patentability of the issue at the instance of the party against whom the award of priority was rendered, as we are asked to do in the instant case.

Both this court, and its predecessor in jurisdiction over appeals from the Patent Office, the Court of Appeals of the District of Columbia, have consistently held that patentability of the claims or counts in an interference proceeding cannot be considered on appeal from an award of priority. Sobey v. Holsclaw, 28 App.D.C. 65; Mell v. Midgley, 31 App.D.C. 534; Lecroix v. Tyberg, 33 App.D.C. 586; Slingluff v. Sweet, 45 App.D.C. 302; Lynch v. Headley, 52 App. D.C. 269, 285 F. 1003; Melling v. Gordon, 55 App.D.C. 278, 4 F.2d 945; Gowen v. Hendry, 37 F.2d 426, 17 C.C.P.A., Patents, 789; Bloom v. Locke, 69 F.2d 113, 21 C.C.P.A., Patents, 888; Phelan v. Green, 71 F.2d 298, 21 C.C.P.A., Patents, 1228; Hess v. Dreyfuss, 104 F.2d 801, 26 C.C.P.A., Patents, 1407; Long v. Young, 159 F.2d 766, 34 C.C.P.A., Patents, 871; Kleinman v. Steinbach, 187 F.2d 743, 38 C.C.P.A., Patents, 924, and many other cases referred to in the foregoing.

The above decisions were rendered prior to the enactment of the Patent Act of July 19, 1952. That act, by including in section 141 an express provision that the decisions of the Board of Patent Interferences from which appeals may be taken to this court are those *"on the question of priority,"* clearly accepts the law as contained in those decisions.

[5] The arguments of appellant, including those predicated on the Hill v. Wooster case, supra, are decidedly lacking in novelty, bearing close resemblance to those which were rejected fifty years ago in Sobey v. Holsclaw, supra, by the Court of Appeals of the District of Columbia. It was because of the frequent misunderstanding of the scope of the appeal to this court in patent interferences that the words "on the question of priority" were inserted in 35 U.S.C. (1952) § 141, with a view to clarifying the situation.

Appellant further contends that the dismissal of the instant appeal would "by implication authorize the Commissioner of Patents to issue a patent to the appellees containing the count of the interferences [sic] herein appealed" and "would by inference approve a patent that is not supported by a valid finding of patentability." The decisions of this court, however, do not approve or authorize the actual issuance of patents, even in *ex parte* cases, and are not mandates for their issuance. They are confined to the issues properly raised on appeal. In re Curley, 158 F.2d 300, 34 C.C.P.A., Patents, 749, and their effect is to remand the cases involved to the Patent Office for further proceedings consistent with the court's opinions. Jeffrey Mfg. Co. v. Kingsland, 86 U.S.App.D.C. 13, 179 F.2d 35. Accordingly, the dismissal of this appeal would in no sense be an approval of the holding of the Patent Office that the count here involved is patentable. (Compare 35 U.S.C. § 135, which provides that after a decision on priority by the Board of Patent Interferences, "the Commissioner *may* issue a patent to the applicant who is adjudged the prior inventor.") (Emphasis ours.)

Appellant has presented an extensive discussion of past and present statutes, from which he argues that patentability of the issue should be considered in cases such as the present one. We have carefully considered the arguments presented, but find therein no sufficient reason for departing from the settled practice established by the above cited decisions.

Appellees' motion is granted and the appeal is dismissed.

Dismissed.