**Application of Carsten Ingeman JOHNSEN.**

**Patent Appeal No. 7656.**

United States Court of Customs and Patent Appeals.

May 12, 1966.

Carsten Ingeman Johnsen, pro se.

Joseph Schimmel, Washington, D. C. (Jere W. Sears, Washington, D. C., of counsel), for the Commissioner of Patents.

Before RICH, Acting Chief Judge, MARTIN, SMITH, and ALMOND, Judges, and Judge WILLIAM H. KIRKPATRICK.*

PER CURIAM:

This is an appeal from the decision of the Board of Appeals which affirmed the examiner's rejection of claims 1, 5–7, and 12–15 in the appellant's application [1] entitled "Generation of Hydrogen and Electrical Energy."

This case provides yet another illustration of the difficulties which beset an inventor, unfamiliar with Patent Office procedure, who prosecutes his application pro se and of the continuing validity of the observation by the Supreme Court in Topliff v. Topliff, 145 U.S. 156, 171, 12 S.Ct. 825, 831, 36 L.Ed. 658 that:

\* \* \* The specification and claims of a patent, particularly if the invention be at all complicated, constitute one of the most difficult legal instruments to draw with accuracy; and, in view of the fact that valuable inventions are often placed in the hands of inexperienced persons to prepare such specifications and claims, it is no matter of surprise that the latter frequently fail to describe with requisite certainty the exact invention \* \* \*.

The examiner rejected the appellant's claims, directed to a method of producing hydrogen and electrical energy from carbon compounds, water and air, as failing to comply with the requirements of

* United States Senior District Judge for the Eastern District of Pennsylvania, designated to participate in place of Chief Judge Worley, pursuant to provisions of

Section 294(d), Title 28, United States Code.

1. Serial No. 123,408, filed July 10, 1961.

35 U.S.C. § 112.[2] The examiner regarded the claims as indefinite, vague and unduly broad. The board agreed, finding that

> * * * the claims do not set forth coherent related steps which cooperate with each other * * *.

The board refused to consider new claims which the appellant presented in a reply brief to the examiner's Answer, on the ground that the reply brief was not timely and that it was not directed to any new points raised for the first time in the examiner's Answer as required by Patent Office Rule 193(b).

On appeal here, the appellant expresses no dissatisfaction with the examiner's and the board's rejection of claims 1, 5–7, and 12–15 under 35 U.S.C. § 112, nor does he point out where the board erred in rejecting those claims. While no question has been raised by the solicitor as to the sufficiency of the appellant's reasons of appeal to enable us to review that rejection, it seems to us that the reasonable inference to be drawn from the appellant's subsequent conduct is that he has abandoned pursuit of that issue. See In re Le Baron, 223 F.2d 471, 42 CCPA 956, and cases cited therein.

What the appellant does ask this court to do, both in his brief and in his Petition of Appeal, is to consider

> * * * ordering the Commissioner of Patents to issue Letters Patent to said applicant, on said subject, containing Specifications, Drawings and the claims nos. 1, 2, 3, 4, 5, 6, 7 and 8 described in Paper No. 14 mailed Feb. 24-1964 * * *.

The appellant's "Paper No. 14" is his reply brief to the examiner's Answer, and claims 1–8 (obviously misnumbered—see Patent Office Rule 126) set forth therein are those not considered by the examiner or the board. He asks that the court "permit consideration of my paper #14" and notes that, in his opinion,

> The revised claims in Paper #14 * * * answer all the Examiner's criticisims [sic] regarding broadness, coherence, indefiniteness. *Consideration of my paper #14 is essential* to the success of my appeal.

We do not "direct" or "order" the Commissioner of Patents to issue a patent even upon disagreeing with decisions of the Patent Office. The effect of our decision is to return the case involved to the Patent Office for further proceedings consistent with the court's opinion. See Glass v. De Roo, 239 F.2d 402, 44 CCPA 723; In re Citron, 326 F.2d 418, 51 CCPA 869. It is the province of the Patent Office, not of this court, to determine *in the first instance* whether the statutory requirements have been satisfied. We cannot, therefore, consider the allowability of claims, such as claims 1–8 appearing in the appellant's paper number 14, which have neither been entered in the case nor considered by the examiner or the board. In re Smitley, 296 F.2d 767, 49 CCPA 803. The Patent Office has not decided whether those claims are patentable to the appellant, and this court lacks jurisdiction to review a decision which has not been made. 35 U.S.C. § 141.

Thus, while we affirm the rejection of claims 1, 5–7, and 12–15 for the reasons given by the examiner and the board, and also refuse to consider "claims 1–8" appearing in the appellant's reply brief to the examiner's Answer, we note that the appellant does not appear to be without remedy. As the solicitor points out:

> Appellant might have secured consideration for the new claims proposed in his reply brief by submitting them in a continuation application. This could yet be done, albeit at greater expense due to a recent statutory increase in fees. * * *

2. The second paragraph of 35 U.S.C. § 112 reads:
> The specification shall conclude with one or more claims particularly pointing out and distinctly claiming the subject matter which the applicant regards as his invention.

The court also observes a recent change in Patent Office practice which greatly simplifies the procedure for filing a continuation application.  See 824 O.G. 1.

The decision is affirmed.

Affirmed.